[No. 11280.   Department One. — May 15, 1888.]

## M. J. MILLER, APPELLANT, v. CALIFORNIA INSURANCE COMPANY, RESPONDENT.

MARINE INSURANCE — EXPLOSION OF BOILER — PERILS OF SEA. — A loss occasioned to a steamboat by the bursting of its boiler is not a loss caused by the "perils of the sea," within the meaning of a marine policy insuring against such perils.

ID. — LIABILITY IMPOSED BY CUSTOMS OF INSURANCE — PLEADING. — In an action to recover for a loss occasioned by the bursting of the boiler, under a clause in the policy making the insurer liable for losses "for which insurers are liable by the rules and customs of insurance" in a particular place, the complaint must allege that, by the customs of insurance in that place, insurers are liable for losses caused by the explosions of boilers.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Barham, Halstead & Bolton*, and *A. E. Bolton*, for Appellant.

The explosion of the boiler was a loss caused by the perils of the sea. (Civ. Code, sec. 2199; *Citizens' Ins. Co. v. Glasgow*, 9 Mo. 407; 1 Phillips on Insurance, sec. 1096; *Peters v. Warren Ins. Co.*, 14 Pet. 99.) If the loss was not caused by the perils of the sea, the defendant is still liable under the general clause of the policy covering all other losses. (*Ellery v. New England Ins. Co.*, 8 Pick. 14; Emerigon on Insurance, c. 12, sec. 1, p. 287; *Cullen v. Butler*, 5 Maule & S. 461; *Butler v. Wildman*, 3 Barn. & Ald. 388; *Phillips v. Barber*, 5 Barn. & Ald. 161; *Carruthers v. Sydebotham*, 4 Maule & S. 79.)

*E. W. McGraw*, for Respondent.

The loss caused by the explosion of the boiler is not occasioned by a peril of the sea. (Civ. Code, sec. 2199; *Hazard v. N. E. Marine Ins. Co.*, 8 Pet. 584; *Perrin v. Protection Ins. Co.*, 11 Ohio, 169; 38 Am. Dec. 728; *West.*

*Ind. Tel. Co.* v. *Home Colonial Ins. Co.,* L. R. 6 Q. B. 57; *Thames and Mersey Ins. Co.* v. *Hamiton,* House of Lords, July 14, 1887.)

PATERSON J.—This is an action brought on a policy of marine insurance issued by the respondent on the steamer Pilot. The risks insured against were as follows: "Touching the adventures and perils which this insurance company is content to bear and take upon itself in this policy, they are of seas, fires, pirates, assailing thieves, jettison, barratry of the master or mariners (unless the assured be owner or part owner of the vessel), embezzlement and illicit trade excepted in all cases, and all other losses and misfortunes that shall come to the hurt, damage, or detriment of the said vessel, or any part thereof, to which insurers are liable by the rules and customs of insurance in San Francisco, excepting such losses and misfortunes as are excluded by this policy. . . . . It is also agreed that in case of insurance on a steamer this company is not liable for any injury, derangement, or breakage of the machinery, or bursting of the boilers, unless occasioned by stranding."

The complaint alleges that on May 25, 1883, "the boiler on said vessel exploded, and said vessel became then and there unmanageable, and swung around on the water, and within a few minutes thereafter sank and became a total wreck, and was wholly and totally lost to the owner thereof, and was abandoned by the owner to defendant."

There is no allegation in the complaint that under the customs of insurance in San Francisco insurers are liable for explosions of boilers or damages resulting therefrom.

A demurrer to the complaint was filed, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to amend, judgment was entered for defendant.

Passing over the question as to the sufficiency of the

allegation in the complaint to show that the destruction
of the vessel was caused by the bursting of the boiler, or
by any other means admitted to be such as would make
the company liable; and conceding that the complaint
shows the loss to have occurred by reason of the bursting
of the boiler without any fault of the plaintiff, these in-
quiries remain: 1. Is the explosion of the boiler a peril
of the sea within the first clause above quoted? and
2. If it be a peril of the sea, are not the damages re-
sulting therefrom excepted under the special provision
of the policy which is quoted above, and which relates to
the bursting of the boilers?

Perils of the sea are defined by our Civil Code to be:
"Storms and waves; rocks, shoals, and rapids; other obsta-
cles, though of human origin; changes of climate; the con-
finement necessary at sea; animals peculiar to the sea; and
all other dangers peculiar to the sea." (Civ. Code, sec.
2199.) The bursting of a boiler is not within any of the
first six causes named. Is it a danger *peculiar* to the sea?
Perils of the sea have been defined to be, "all perils, losses,
and misfortunes of a marine character, or of a character
incident to a ship as such." (*T. & M. I. Co.* v. *H. F. & Co.*,
House of Lords, July 14, 1887.) In that case it was said:
"The damage to the donkey-engine was not through its
being in a ship at sea. The same thing would have hap-
pened had the boiler and engines been on land, if the same
mismanagement had taken place. The sea, waves, and
wind had nothing to do with it. . . . . It is, I think, im-
possible to say that this is damage occasioned by a cause
similar to perils of the sea on any interpretation which
has ever been applied to that term. It will be observed
that Lord Ellenborough limits the operation of the
clause to marine damage. By this I do not understand
him to mean only damage which has been caused by the
sea, but damage of a character to which a marine adven-
ture is subject. Such an adventure has its own perils,
to which either it is exclusively subject, or which possess,

in relation to it, a special or peculiar character. To secure an indemnity against these is the purpose and object of a policy of marine insurance. . . . . But the explosion of the boiler on board the Panama had no marine character at all. It might have happened in precisely the same way, and done the same kind of damage, if a similar engine had been in use for the purpose of moving man-ufacturing machinery on shore." These views seem to express very clearly the proper meaning of the seventh clause of section 2199, *supra*.

In support of the contention that an explosion of the boiler is a peril embraced within the list of perils insured against by this policy, appellant cites *Adm'rs of Perrin* v. *Protect. Ins. Co.*, 11 Ohio, 169, 38 Am. Dec. 728, and *Citizens' Ins. Co.* v. *Glasgow*, 9 Mo. 413. In the Ohio case the risks insured against were described in the policy as follows: " Of the seas, rivers, fires, enemies, pirates of the rivers, assailing thieves, *and all other losses and misfortunes which shall come to the damage of said steamboat* according to the true intent and meaning of said policy." It was there held that the loss occasioned by the bursting of a boiler was *a loss within the policy;* but we do not understand the court to have held in that case that such a loss was a loss by peril of the seas. In *W. I. P. T. Co.* v. *H. & C. M. Ins. Co.*, L. R., 6 Q. B. Div. 57, the Ohio case was quoted approvingly, yet it was there held that the bursting of a boiler was a peril not within the general term " perils of the sea." In *Citizens' Ins. Co.* v. *Glasgow*, *supra*, it seems that the policy was the same as in the Ohio case.

In all the cases cited it was held simply that the loss was one which came within the insurance clause providing against " all other perils, losses," etc. In the case before us the general clause is, " and all other losses and misfortunes that shall come to the hurt, damage, or detriment of the said vessel, or any part thereof, to which insurers are liable *by the rules and customs of*

*insurance . in San Francisco,* excepting such losses and misfortunes as are excluded by this policy."

Our conclusion is, that the loss complained of herein is not within either the meaning of the term "perils of the sea" as defined in our Civil Code or as understood in the law of marine insurance generally; and of course, if the loss be one which falls under the general clause of the policy, it is sufficient to say that there is no allegation that by the customs of insurance in San Francisco insurers are liable for explosions of boilers or damages resulting therefrom.

2. The construction we place upon the clause of the policy above quoted renders it unnecessary to consider whether the damages are not in any event excepted under that provision of the policy relating to the bursting of boilers. It is proper to say, however, that a clause precisely the same in language was considered by the court of appeals in *Strong* v. *S. M. Ins. Co.,* 31 N. Y. 103. It was there held that the language is to be understood to mean that the company is not to be liable for damage resulting to the vessel or otherwise *on account of* the bursting of the boilers, unless occasioned by stranding.

Judgment affirmed.

McKinstry, J., and Searls, C. J., concurred.