## LISTERS AGRICULTURAL CHEMICAL WORKS v. HOME INS. CO.

(District Court, S. D. New York.   November 25, 1912.)

INSURANCE (§ 404*)—CONSTRUCTION OF MARINE POLICY—"PERILS OF THE HARBOR."

> Damage to a lighter by concussion when navigating New York Harbor, caused by an explosion of dynamite which was being loaded from a nearby pier on another vessel, was not due to a "peril of the harbor," within the meaning of a marine policy insuring her against such risk, but excepting loss from boiler explosion, and containing a warranty against her carriage of gunpowder or other explosive.
>
> [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1092; Dec. Dig. § 404.*]

In Admiralty.   Suit by the Listers Agricultural Chemical Works against the Home Insurance Company.   Decree for respondent.

Gifford, Hobbs & Beard, of New York City, for libelant.

Kneeland, Harison & Hewitt, of New York City (Lawrence Kneeland, of New York City, of counsel), for respondent.

HOLT, District Judge.   This is an action upon a policy of marine insurance issued by the respondent for the benefit of the libelant upon the steam lighter Alfred & Edward.   On February 1, 1911, while the lighter was proceeding up the harbor, about 100 feet off Pier 7, Jersey City, a large quantity of dynamite which was being transferred from a freight car on Pier 7 to a barge lying at the pier exploded with extraordinary violence, causing great loss of life and damage to the pier and to shipping in the immediate neighborhood.   The lighter sustained damage, amounting to $870.   This damage was entirely caused by shock or concussion, and not by any waves or swell of the water or by any débris thrown upon her.   The policy insured the lighter against the perils of the harbor, and that is the only provision in the policy which is claimed to render the respondent liable.   The policy excluded claims arising from the bursting or explosion of boilers, unless caused by stress of weather, stranding, collision, or burning.   The policy also contained a warranty by the insured not to carry, among other things, gunpowder or other explosives.   The defense is that the loss was not covered by the policy.

The question is novel.   No direct authority upon the question involved has been cited by counsel or called to my attention.   The libelant relies on the general rule that ambiguous clauses in marine insurance policies are construed against the insurer, and claims that the injury which occurred in this case was a peril of the harbor.   Counsel admits that such an explosion would not be a peril of the sea, within the meaning of that expression as used in policies of marine insur-

ance, but claims that the perils of the harbor include all liability to peril from injuries which might occur while navigating the harbor from any causes of possible danger upon the piers. An injury caused by an explosion of dynamite is not ordinarily covered by a policy of fire insurance. Everett v. London Assurance, 19 C. B. (N. S.) 126. The expression "perils of the sea," as used in marine policies, means perils of a marine nature. Thames Ins. Co. v. Hamilton, 12 App. C. 484; The G. R. Booth, 171 U. S. 450, 19 Sup. Ct. 9, 43 L. Ed. 234. The cases are somewhat in conflict upon the question whether cases of explosions on vessels are covered by a marine policy which insures against "perils of the seas, rivers," etc., and "all other perils, losses and misfortunes." In some cases it is held that such a policy covers the case of the explosion of a vessel's boilers. Citizens' Ins. Co. v. Glasgow, 9 Mo. 411; West India Tel. Co. v. Home, etc., Co., L. R. 6 Q. B. D. 51. Cases holding the contrary view are Thames Co. v. Hamilton, 12 App. C. 484; Miller v. California Ins. Co., 76 Cal. 145, 18 Pac. 155, 9 Am. St. Rep. 184; The G. R. Booth, 171 U. S. 450, 19 Sup. Ct. 9, 43 L. Ed. 234. The policy in suit simply insures against perils of the harbor. It does not add "all other perils and losses," as in the case of many policies. It also affirmatively exempts losses caused by boiler explosions, and warrants against the carriage of gunpowder or other explosives. If the boiler of the lighter had exploded, obviously no recovery could be had upon this policy. If the dynamite which exploded had been in course of transportation on the lighter, no recovery could be had. Suppose the lighter had been injured by a projectile fired from a cannon situated a mile inland from the shore of the harbor, or that a steam boiler on shore had exploded and a part of it had fallen upon the lighter, could it be claimed that such an injury was a peril of the harbor within the meaning of the policy? I think not. Yet such an injury seems to be quite analogous to that upon which this suit is based. Obviously the insurance company did not intend to be responsible for any explosion on board. It inserted in the policy provisions exempting itself from such liability, and the insurer, by accepting the policy with such provisions, agreed to them. It seems to me that the inference is still stronger that injuries occurring from such explosions which have taken place away from the lighter and especially on the land were not covered by the policy.

My conclusion is that there should be a decree for the respondent.